## SMITH v. METROPOLITAN LIFE INS. CO.
### No. 4649.

Court of Appeal of Louisiana.
Second Circuit.

June 29, 1934.

For former opinion, see 152 So. 369.

Jackson & Smith, of Shreveport, for appellant.

Lewell C. Butler, of Shreveport, for appellee.

DREW, Judge.

This case is before us on rehearing. Plaintiff's husband, an employee of the Magnolia Petroleum Company, while performing his regular duties, one of which was the washing out of a boiler, became overheated while washing the boiler and died of heat exhaustion a few days later. He was protected by a policy of insurance issued by the Metropolitan Life Insurance Company, which policy provided, in case of death, for the payment to his beneficiary, the plaintiff herein, of an amount equal to one year's annual rate of pay and for an additional amount in a like sum if death resulted directly and independently of all other causes from bodily injuries sustained solely through violent external and accidental means. The yearly rate of pay of deceased was $1,920. His beneficiary was paid this amount, and the insurance company refused to pay a like sum for accidental death. This suit followed and is defended on the ground that, although deceased's death was an accident, it was not caused by accidental means and is not covered by the policy.

The lower court rejected plaintiff's demands, and this court reversed the lower court and granted judgment as prayed for, holding the death of deceased was accidental. We failed to distinguish between accidental death and death caused by accidental means.

While this case was pending before us on application for rehearing, the Supreme Court of this state in the case of Parker v. Provident Life & Accident Insurance Company, 178 La. 977, 152 So. 583, and the Supreme Court of the United States in the case of Landress v. Phoenix Mutual Life Insurance Company et al., 54 S. Ct. 461, 78 L. Ed. 934, 90 A. L. R. 1382, decided March 5, 1934, clearly distinguished between death by accident and death caused by accidental means, and, regardless of our own views on the question, we are forced to follow the decisions of our state Supreme Court.

Deceased was performing his regular work and doing that which he intended to do. He became overheated and died as a result thereof. Under the above-cited decisions, his death was not caused by accidental means.

Plaintiff contends that the cause of deceased becoming overheated was due to a defective valve which caused him to be sprayed with hot mineral seal oil, but we have searched the record in vain and can find no legal testimony to bear out plaintiff's contention in this respect. It is clearly a case of deceased becoming overheated while performing the regular duties he was employed to perform, and it is not death caused by accidental means, under the provisions of the insurance contract.

It therefore follows that the former judgment of this court is recalled and set aside, and there is now judgment in favor of defendant affirming the judgment of the lower court, with costs.